# UNITED STATES AIR FORCE
# COURT OF CRIMINAL APPEALS

———————————

**No. ACM 40178**

———————————

**UNITED STATES**
*Appellee*

**v.**

**Jorgediego RIVERA-MOYET**
Airman (E-2), U.S. Air Force, *Appellant*

———————————

Appeal from the United States Air Force Trial Judiciary

Decided 4 November 2022

———————————

*Military Judge:* Christopher D. James.

*Sentence:* Sentence adjudged on 29 July 2019 by GCM convened at Joint Base Langley-Eustis, Virginia. Sentence entered by military judge on 11 August 2021: Bad-conduct discharge, confinement for 15 months, and reduction to E-1.

*For Appellant:* Major Eshawn R. Rawlley, USAF.

*For Appellee:* Lieutenant Colonel Thomas J. Alford, USAF; Major John P. Patera, USAF; Mary Ellen Payne, Esquire.

Before KEY, ANNEXSTAD, and GRUEN, *Appellate Military Judges*.

Judge ANNEXSTAD delivered the opinion of the court, in which Senior Judge KEY and Judge GRUEN joined.

———————————

**This is an unpublished opinion and, as such, does not serve as precedent under AFCCA Rule of Practice and Procedure 30.4.**

———————————

ANNEXSTAD, Judge:

A general court-martial composed of a military judge sitting alone convicted Appellant, in accordance with his pleas and pursuant to a plea agreement, of two specifications of attempting to record the private area of another

without that person's consent and under circumstances in which that person had a reasonable expectation of privacy in violation of Article 80, Uniform Code of Military Justice (UCMJ), 10 U.S.C. § 880; four specifications of recording the private area of another person without that person's consent and under circumstances in which that person had a reasonable expectation of privacy, and three specifications of distributing a recording of the private area of another person without that person's consent and under circumstances in which that person had a reasonable expectation of privacy, both in violation of Article 120c, UCMJ, 10 U.S.C. § 920c.[1] The military judge sentenced Appellant to a bad-conduct discharge, confinement for 15 months, and reduction to the grade of E-1.[2] The convening authority took no action on the findings or sentence.

Appellate raises one issue for our consideration: whether it was plain error for the military judge to admit rehabilitation opinion testimony during the sentencing proceeding. Specifically, Appellant contends that his commander lacked sufficient information and knowledge to render an opinion as to his rehabilitative potential.

Finding no error that materially prejudiced a substantial right of Appellant, we affirm the findings and sentence.

## I. BACKGROUND

During the presentencing hearing of Appellant's court-martial, the Government called Appellant's commander, Major (Maj) ML, as a witness. At the time of Appellant's court-martial, Maj ML had been Appellant's commander for approximately one year. Maj ML testified that he interacted with Appellant on occasion, but ultimately based his opinion regarding Appellant's rehabilitative potential on conversations he had with Appellant's supervisors and flight chiefs. Based on those conversations, Maj ML testified that he believed Appellant had "low" rehabilitative potential. During cross-examination, Maj ML acknowledged that Appellant was not a bad worker. Maj ML also acknowledged that he never mentored Appellant nor provided Appellant any feedback or personally observed Appellant's work performance. During re-direct examination, Maj ML explained that Appellant had "low" rehabilitative potential be-

---

[1] Because the offenses occurred in 2019, all references to the punitive articles of the UCMJ are to the *Manual for Courts-Martial, United States* (2019 ed.).

[2] The plea agreement limited the military judge to adjudge no less than 120 days' confinement and no more than 15 months' confinement for each specification of the aforementioned charges. The plea agreement also specified that all periods of confinement would run concurrently.

cause he showed a trend of negative actions when it came to "sexual interactions with others." Appellant's trial defense counsel did not object during the Government's direct or redirect examination of Maj ML.

## II. LAW AND ANALYSIS

In the absence of an objection, we review a decision to admit presentencing evidence for plain error. *United States v. Maynard,* 66 M.J. 242, 244 (C.A.A.F. 2008). Under that standard, Appellant has the burden to demonstrate that "(1) an error was committed; (2) the error was plain, or clear or obvious; and (3) the error resulted in material prejudice to substantial rights." *Id.* (quoting *United States v. Hardison*, 64 M.J. 279, 281 (C.A.A.F. 2007)).

In presentencing, the Government is permitted to present "evidence in the form of opinions concerning the accused's previous performance as a servicemember and potential for rehabilitation." Rule for Courts-Martial (R.C.M.) 1001(b)(5)(A). "'Rehabilitative potential' refers to the accused's potential to be restored, through vocational, correctional, or therapeutic training or other corrective measures to a useful and constructive place in society." R.C.M. 1001(b)(5). The witness providing such opinion evidence "must possess sufficient information and knowledge about the accused to offer a rationally-based opinion that is helpful to the sentencing authority." R.C.M. 1001(b)(5)(B).

"Relevant information and knowledge include, but are not limited to, information and knowledge about the accused's character, performance of duty, moral fiber, determination to be rehabilitated, and the nature and severity of the . . . offenses." *Id.* "An opinion regarding the accused's rehabilitative potential must be based upon relevant information and knowledge possessed by the witness . . . and must relate to the accused's personal circumstances." R.C.M. 1001(b)(5)(C). A witness's opinion regarding rehabilitative potential is also "limited to whether the accused has rehabilitative potential and to the magnitude or quality of any such potential." R.C.M. 1001(b)(5)(D).

Rehabilitative potential must refer to the accused. *United States v. Horner*, 22 M.J. 294, 296 (C.M.A. 1986). "[T]estimony concerning rehabilitative potential is to be an 'assessment of . . . [an accused's] character and potential, . . . [not] the commander's view of the severity of the offense.'" *United States v. Claxton*, 32 M.J. 159, 161 (C.M.A. 1991) (omissions and alterations in original) (quoting *Horner*, 22 M.J. at 296). Opinions offered under R.C.M. 1001(b)(5) must be "rationally based on the perception of the witness." *United States v. Ohrt*, 28 M.J. 301, 304 (C.M.A. 1989).

Here, we find no error plain or otherwise by the military judge permitting Maj ML's opinion testimony. It is clear from the record that Maj ML possessed

sufficient information and knowledge about Appellant's character and performance of duty as a servicemember to offer a rationally based opinion regarding Appellant's rehabilitative potential. Therefore, the Government laid the proper foundation. The testimony established that Maj ML was Appellant's commander for over one year, that he interacted with Appellant on occasion, and, as his commander, he had conversed with Appellant's supervisors and flight chiefs, who observed Appellant's character and duty performance on a daily basis. We find that these conversations helped to expand the foundation for Maj ML's opinion, rather than limit it. It is also evident in the record that Maj ML had sufficient knowledge and relevant information regarding Appellant's duty performance and general character; and that his opinion considered more than the severity of Appellant's offenses.

## III. CONCLUSION

The findings and sentence as entered are correct in law and fact, and no error materially prejudicial to the substantial rights of Appellant occurred. Articles 59(a) and 66(d), UCMJ, 10 U.S.C. §§ 859(a), 866(d). Accordingly, the findings and sentence are **AFFIRMED**.

FOR THE COURT

CAROL K. JOYCE
Clerk of the Court

4